**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Darrell Williams, #219730,** ) | **Case No. 2:16-cv-2835-CMC-MGB** |
| ) | |
| **Petitioner,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Cecelia Reynolds, Warden,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

Darrell Williams ("Petitioner") is proceeding *pro se* and has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner incarcerated at Lee Correctional Institution in South Carolina. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned Magistrate Judge is authorized to review the petition and submit findings and recommendations to the District Judge. Having reviewed the petition and applicable law, and based on the record before the Court, the Magistrate Judge recommends that this § 2254 petition is time-barred and should be **summarily dismissed with prejudice,** and without issuance and service of process, for the following reasons:

**I.** *Pro Se* **Habeas Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed the petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts

liberally construe *pro se* claims to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

On May 3, 1995, Petitioner (through counsel) pleaded guilty and was convicted in the Marlborough County Court of Common Pleas, General Sessions, of the following state criminal charges: six (6) counts of burglary 1st degree, four (4) counts of burglary 2nd degree, four (4) counts of petit larceny, and one (1) count of possession of tools to be employed in a crime. Petitioner was sentenced to fifteen (15) years imprisonment. Petitioner did not timely appeal, and his petition to the South Carolina Supreme Court was dismissed by Order dated August 10, 1995.

On December 10, 1995, Petitioner (through counsel) filed for state post-conviction relief ("PCR"). After a hearing, the state court dismissed the petitioner's claims by Order dated May 26, 1998, specifically finding that Petitioner's counsel had adequately advised Petitioner of his right to appeal and that Petitioner had failed to appeal. On September 8, 1999, the South Carolina Supreme Court denied further review.

On January 24, 2000, Petitioner filed a first federal habeas petition pursuant to 28 U.S.C. § 2254 with respect to the 1995 convictions. *See Williams v. Catoe, et al*, Cases No.:4:00-265-CWH-TLW. The Court dismissed that first federal habeas petition with prejudice.

In 2006, Petitioner was indicted on additional state criminal charges in the Lexington County Court of Common Pleas, General Session. See Indictment No. 06GS32-2805 Petitioner was convicted of grand larceny.

In 2008, Petitioner was indicted on additional state criminal charges in the Richland County Court of Common Pleas, General Session. See Indictment Nos. 2008GS4013175 and 08GS406965.[1] Petitioner received a jury trial and was convicted of burglary in the first degree and petit larceny. On September 24, 2008, the state court sentenced Petitioner to imprisonment of "Life Without Parole."[2] Petitioner indicates he appealed, but provides no dates, result, citation, or other information about it. Research on Westlaw and the state public index records do not reveal any decision.

On January 11, 2010, Petitioner filed a PCR application, which the state court dismissed on July 1, 2010.[3] Research does not reflect any decision or any appellate decision in the Westlaw database. However, the Petitioner (in a subsequent "second" federal habeas petition filed on October 27, 2010) indicated repeatedly that he had challenged the <u>enhancement of his 2008 sentence</u> in his 2010 PCR application. *See Williams v. Warden*, Case No. 8:10-cv-02688-CMC-BHH, DE# 1, Petition. In his "second" federal habeas petition, Petitioner again challenged his 1995 state burglary convictions and his 2008 life sentence, arguing that "the state court used a

---

[1] See South Carolina Department of Corrections ("SCDC") website for such information ("Inmate Search Detail Report" for Inmate #219730).

[2] See http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.

[3] See Marlboro County Judicial Circuit Public Index, Case No. 2010CP3400008, for inmate #219730 Darrell Williams.

1[9]95 conviction in 2008 to enhance this conviction…" (*Id*., DE# 1 at 5). In reviewing the second habeas petition, the assigned Magistrate Judge observed that:

> Petitioner seems to allege that the 1995 convictions were used to enhance a 2008 charge, although he provides no other information concerning the 2008 charge. He cites to S.C. Code Ann. §17-25-45 which provides for a life sentence for persons convicted of certain crimes. Petitioner alleges that he has filed a motion for a new trial (presumably in the 2008 case) … He also alleges his counsel was ineffective for not telling him he could receive an enhanced sentence based on prior convictions. Thus, it appears the petitioner is also trying to attack the 2008 conviction and sentence. He asks for a "hearing on the issues" claiming the State court failed to do so.

(*Id*., DE#7 at 1, Report and Recommendation). There, the Magistrate Judge observed that (with respect to the 1995 convictions), Petitioner had previously filed a federal habeas petition challenging his 1995 convictions, that such first petition had been dismissed with prejudice, and that the Petitioner had not sought authorization to file a successive petition from the Fourth Circuit Court of Appeals. (*Id*. at 3). With respect to the Petitioner's 2008 conviction and sentence, the Magistrate Judge indicated that "the petitioner has failed to establish that he had fully exhausted his state remedies." (*Id*.). On December 2, 2010, the District Court adopted the Report and Recommendation and dismissed the second habeas petition without prejudice. (*Id*., DE# 16, Order). The Fourth Circuit Court of Appeals dismissed the appeal. (*Id*., DE# 32, opinion dated July 19, 2011).

Several years later, on November 22, 2013, Petitioner filed another PCR application. Such application was denied on January 2, 2015, and the South Carolina Supreme Court denied certiorari on August 10, 2016.[4] That same day, Petitioner filed the instant (third) habeas petition pursuant to 28 U.S.C. § 2254, indicating that he was attempting to challenge his convictions for "burglary first degree/petty larceny." *See Williams v. Warden*, Case No. 2:16-cv-2835-CMC-MGB

---

[4] See http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.

(DE# 1 at 1, ¶ 5, Petition). Petitioner does not specify the date of such convictions, nor give a state case number.[5] Petitioner does, however, indicate that he had a "jury trial," which suggests that he is likely referring to his 2008 conviction. (*Id*. at 2, ¶ 6). In the instant federal petition, Petitioner seeks to raise the following issues: 1) "whether the state proved guilt beyond a reasonable doubt;" 2) whether the state incorrectly applied "Old Chief"; 3) "whether 17-25-45 is unconstitutional." (DE# 1 at 5, 6, 10).[6] He indicates he raised these issues on PCR review, but provides little other relevant information in his federal petition.

### III. Analysis

#### A. Whether this Federal Petition is Successive

If the instant petition is attempting to challenge the 1995 convictions, the petition would be an unauthorized successive petition.[7] Petitioner's first § 2254 petition regarding the 1995 convictions was dismissed with prejudice, which was an "adjudication on the merits." *See Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (after a dismissal with prejudice, any "later habeas petition challenging the same conviction is second or successive and is subject to the § 2244(b) requirements"). Additionally, to the extent the Petitioner's second federal habeas petition challenged his 1995 convictions, such prior petition

---

[5] Although the Petition has not provided relevant dates, procedural history, or supporting facts, this Court may properly take judicial notice of public records, including its own docket. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ) (observing that "the most frequent use of judicial notice is in noticing the content of court records."); *see also, e.g.*, *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

[6] Petitioner has erroneously labeled his third issue as "Issue 4."

[7] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). In addition, Rule 9 of Rules Governing Section 2254 and 2255 Cases expressly provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (citing § 2244(b)(3)(A)); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

was dismissed as "successive." Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition.

However, if the instant petition is attempting to challenge the Petitioner's 2008 burglary conviction and life sentence (which appears likely), the record suggests that this third habeas petition is not successive. Petitioner's second habeas petition had raised unexhausted claims regarding the Petitioner's 2008 burglary conviction and life sentence, and this Court dismissed that second petition without prejudice for lack of exhaustion of state remedies as to the 2008 convictions. To qualify as "successive," the dismissal of the prior habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey*, 278 F.3d at 379–80. A dismissal without prejudice for lack of exhaustion is not a dismissal on the merits. Therefore, the instant petition is construed as challenging the Petitioner's 2008 conviction and sentence, and therefore, is not "successive."

### B. Timeliness

However, even if not successive, the instant habeas petition appears to be untimely by at least several years. *See Day v. McDonough*, 547 U.S. 198, 208 (2006) (district court may *sua sponte* consider the timeliness of a § 2254 habeas petition); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (holding that courts have discretion to *sua sponte* dismiss habeas petition for untimeliness, after notice and opportunity to respond is provided). After a jury trial in 2008, Petitioner was convicted of criminal charges (including burglary first degree), and on September 24, 2008, was sentenced to life imprisonment. Petitioner indicates he appealed, but provides no dates or case number (and the state public index database and research on Westlaw do not reveal any appellate decision pertaining to such 2008 conviction).

The AEDPA one-year period of limitations commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After state appeal, this includes the 90 day period for filing a petition for writ of certiorari to the Supreme Court. *Clay v. United States*, 537 U.S. 522, 525 (2003); *Harris v. Hutchinson*, 209 F.3d 325, 328, n. 1 (2000).[8]

On January 11, 2010, Petitioner filed a PCR application, which the state court dismissed on July 1, 2010.[9] The AEDPA's one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). A petitioner is obliged to raise all grounds for relief in his initial PCR application regarding a conviction and sentence.[10]

Over two years later, on November 22, 2013, Petitioner filed another PCR application. After a hearing, the state court denied relief on January 2, 2015. The South Carolina Supreme Court denied further review on August 10, 2016. Petitioner indicates he then mailed the instant federal habeas petition on the same day. *See Williams v. Warden*, Case No. 2:16-cv-2835-CMC-MGB, DE# 1 at 14, Petition). However, Petitioner's instant habeas petition appears to be untimely by several years.

The AEDPA § 2244(d)(2) tolls the one-year period during the period of time in which a state prisoner has a "properly filed" post-conviction application pending in state court. Successive or untimely PCR applications are not "properly filed" for purposes of the AEDPA and do not toll

---

[8] Tolling for state collateral review does not include time for pursuing certiorari with the United States Supreme Court. *Crawley v. Catoe*, 257 F.3d 395, 397–401 (4th Cir. 2001), *cert. denied*, 534 U.S. 1080 (2002).

[9] See Marlboro County Judicial Circuit Public Index, Case No. 2010CP3400008.

[10] On October 20, 2010, Petitioner also filed a federal habeas petition, which was dismissed without prejudice on December 2, 2010 for lack of exhaustion of state remedies as to the 2008 conviction. *See Williams v. Warden*, Case No. 8:10-cv-02688-CMC-BHH. Such federal petition did not toll any time for purposes of the AEDPA one-year period of limitations.

any time under 28 U.S.C.A. § 2244(d)(2). *See Clark v. Padula,* Case No. 3:11–1690–MBS, 2012 WL 4051280, *4 (D.S.C. Sept. 12, 2012) (dismissing habeas petition with prejudice as untimely, and observing that "Petitioner's second, third, and fourth PCR applications did not toll the one-year limitations period set forth in § 2244(d)' because they were "successive" and not "properly filed" under state law), *appeal dism'd* 517 F.App'x 170 (April 4, 2013); *Ramos v. Taylor*, Case No. 4:12–2549–DCN–TER, 2013 WL 1901074, fn.3 (D.S.C. April 16, 2013), *adopted by* 2013 WL 1901233 (D.S.C. May 7, 2013) ("The statute of limitations was not tolled by the filing of the second PCR action because it was not 'properly' filed. Additionally, the statute of limitations for federal habeas corpus had already expired before the second PCR action was filed."); *McHoney v. South Carolina,* Case No. 4:06–3016–PMD–TER, 518 F.Supp.2d 700, 705 (D.S.C. August 14, 2007) (dismissing habeas petition as untimely).

The standard habeas form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

> of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. In the instant petition, the Petitioner did not explain or otherwise respond to the timeliness question at all. He left the question on the form completely blank. (DE# 1, ¶ 18).

A § 2254 habeas petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), unless one of the other circumstances enumerated by the statute is present and starts the clock running at a later date. Petitioner has not shown that he filed his petition within one year after his 2008 judgment became final. Petitioner has also not shown that any other circumstance set forth under the statute would apply.

By the time Petitioner filed another PCR application on November 22, 2013, the AEDPA's one-year period of limitations had already expired. The one-year period of limitations was not "re-started" by the filing of another PCR action in 2013. *See Artuz v. Bennett*, 531 U.S. 4, 121 (2000) ("while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review"); *Harris*, 209 F.3d at 327-328 (rejecting prisoner's argument that the AEDPA's one-year period of limitations does not commence until the conclusion of state PCR proceedings); *Jenerette v. Padula*, Case No.

9:10–1030 DCN- BM, 2011 WL 1049785, *3 (D.S.Ca. Feb. 23, 2011), *adopted by* 2011 WL 994518 (D.S.C. Mar. 21, 2011) (same, observing that "by the time Petitioner filed his PCR …, over one year of non-tolled time had passed since his convictions had become final. The filing of this PCR did not, however, restart the federal statute of limitations, which in this case had already expired prior to Petitioner's PCR having been filed."); *Bullard v. Warden of Tyger River Corr'l Inst.*, Case No. 9:09-2198-HFF-BM, 2010 WL 1345277 (D.S.C. March 8, 2010), *adopted by* 2010 WL 1286405 (D.S.C., Mar. 30, 2010) (observing that although Petitioner argued that he thought that he had one year from the date that his PCR appeal was final in which to file his federal petition, the filing of Petitioner's PCR did not "restart" the AEDPA's one-year period of limitations). In other words, the 2013 PCR application did not restart the one-year time period. Such PCR application did not statutorily toll any time from its filing date on November 22, 2013 (filing of successive PCR) until August 10, 2016 (when further review was denied).[11]

Petitioner provides no basis for any equitable tolling or any other exception. A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). The petition and court records indicate that the Petitioner filed this petition for federal habeas relief pursuant to § 2254 after more than one year of untolled time had passed since his 2008 judgment of conviction became final. Therefore, the petition should be dismissed as untimely, based on the one-year statute of limitations. *See Day*, 547 U.S. at 198; *Braxton*, 277 F.3d at 707.

---

[11] It is difficult to ascertain precisely when the Petitioner's 2008 conviction became "final," but in any event, Petitioner appears to have exceeded the AEDPA one-year period of limitations by at least two years.

If the Petitioner is proceeding on a misapprehension that the one-year period did not begin to run until the date that state PCR review concluded on August 10, 2016, the Fourth Circuit Court of Appeals has rejected such interpretation. *See Harris*, 209 F.3d at 327 (rejecting argument "that the one-year period [for filing of federal habeas petition] does not commence until the conclusion of state post-conviction proceedings"). A mistaken interpretation by Petitioner does not provide a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control").

In sum, review of the record indicates that Petitioner filed this § 2254 petition for federal habeas relief in 2016 after more than one year of untolled time had passed since his 2008 conviction was final. Petitioner has shown no grounds for equitable tolling that would render this federal habeas petition timely. Therefore, this Petition should be dismissed as time-barred.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the District Court issue or deny a certificate of appealability ("COA") when a final ruling on a post-conviction petition is issued. A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

Here, the record shows that after Petitioner's 2008 conviction was final, several years of untolled time passed before he filed for PCR review. Therefore, under existing case law, the petition is plainly time-barred. The Magistrate Judge recommends that jurists of reason would not find it debatable whether such procedural ruling is correct. Moreover, the Petition does not state any debatable claim of the denial of any constitutional right. Petitioner is not entitled to COA.

### III.  Recommendation

Accordingly, the Magistrate Judge recommends that 1) this Petition is untimely and should be **dismissed with prejudice** and without requiring Respondent to file an answer or return, and that 2) a certificate of appealability should not be issued.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 14, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).