IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams, #219730, | C/A No. 2:16-2835-CMC |
| Plaintiff | |
| v. | Opinion and Order |
| Cecelia Reynolds, Warden, | |
| Defendant. | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation. On September 15, 2016, the Magistrate Judge issued a Report recommending that Petitioner's motion be summarily dismissed as time-barred. ECF No. 9. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Petitioner filed objections to the Report on September 30, 2016. ECF No. 12.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part,

the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

## **Discussion**

The court has conducted a *de novo* review of the record and has considered Petitioner's objections, the entire record, the applicable law, and the Report and Recommendation of the Magistrate Judge.  After review, the court declines to adopt the Report's assessment of the timeliness of the petition and whether equitable tolling applies to this matter.  For the reasons discussed below, the court finds the petition is timely filed, and that tolling has extended the filing period in this matter.

As noted by the Magistrate Judge, this matter is controlled by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (d)(1)(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The claims and assorted filings in this case are difficult to follow. While the conviction Petitioner is challenging in the instant petition was unclear from his petition, he confirmed in his objections that this petition seeks to challenge a 2008 conviction. ECF No. 12. Therefore, as the Magistrate Judge explained in the Report, this is not a successive filing.[1]  ECF No. 9 at 6.

The timeliness of the instant petition, however, is not as easily determined. Petitioner was sentenced for his 2008 burglary conviction on September 24, 2008. *State v. Darrell Williams*, No. 2008GS4013175 (S.C. Gen. Sessions Sept. 24, 2008).[2] His motion for a new trial was denied on March 26, 2010. *Id.* He filed an appeal in 2010 (exact filing date is unknown) which was denied by unpublished *per curiam* opinion of the South Carolina Court of Appeals on November 13, 2013. *State v. Williams*, No. 2010-157626, 2013 WL 8541561 (S.C. Ct. App. Nov. 13, 2013).

In addition to motions and appeals in his criminal case, Petitioner filed two applications for Post-Conviction Relief ("PCR") with the South Carolina courts. His first was filed on January 11, 2010 and denied on July 1, 2010. *Darrell Williams v. State of South Carolina*, No.

---

[1] As explained below, Defendant's first filed habeas petition challenged his 1995 convictions, and was dismissed with prejudice. *Williams v Catoe, et al.*, C/A No. 4:00-cr-265 (D.S.C. Jan. 8, 2003). To the extent his second habeas petition (*Williams v. Padula*, C/A No. 8:10-cr-2688 (D.S.C. Jan. 27, 2011)) challenged his 2008 conviction and sentence, it was dismissed for failure to exhaust state remedies, which is not a dismissal "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (holding that a dismissal for failure to exhaust state remedies was not adjudicated on the merits and therefore a subsequent habeas petition is not second or successive); *see also Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (abrogated on other grounds by *Skinner v. Switzer*, 131 S.Ct. 1289 (2011).

[2] *See* Richland County Public Index, *available at* http://www5.rcgov.us/SCJDWEB/PublicIndex/PISearch.aspx.

2010CP3400008 (S.C. Common Pleas July 1, 2010).[3] His second PCR, challenging the 2008 conviction, was filed on November 22, 2013 and dismissed on January 2, 2015. *Darrell Williams v. State of South Carolina*, No. 2013CP4007117 (S.C. Common Pleas Jan. 2, 2015).[4] Defendant filed a notice of appeal from the order denying the 2013 PCR application on January 14, 2015 and *certiorari* was denied by the South Carolina Supreme Court on August 10, 2016. *Id.*

As for federal filings, Petitioner has filed three habeas petitions. Defendant's first filed habeas petition challenged his 1995 convictions, was filed on January 24, 2000, and was dismissed with prejudice on January 8, 2003. *Williams v Catoe, et al.*, C/A No. 4:00-cr-265 (D.S.C. Jan. 8, 2003). His second habeas petition, filed on October 20, 2010, appeared to challenge both his 1995 and 2008 convictions, but was dismissed as successive (to the extent the 1995 convictions were challenged) and for failure to exhaust state remedies (as to the 2008 conviction) on January 27, 2011. *Williams v. Padula*, C/A No. 8:10-cr-2688 (D.S.C. Jan. 27, 2011). The instant petition was filed on August 11, 2016. ECF No. 1.

Based on these filings, it appears that Petitioner has not exhausted the AEDPA statute of limitations. His 2008 burglary conviction was final, after post-judgment motions and appeal, on November 13, 2013. Petitioner thereafter filed a PCR application regarding the 2008 conviction on November 22, 2013, which tolled the AEDPA statute of limitations. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review

---

[3] *See* Marlboro County Public Index, *available at* http://publicindex.sccourts.org/Marlboro/PublicIndex/PISearch.aspx.

[4] *See* Richland County Public Index, *available at* http://www5.rcgov.us/SCJDWEB/PublicIndex/PISearch.aspx.

with respect to the pertinent judgment or claim is pending."). That PCR proceeding was not complete until the South Carolina Supreme Court denied *certiorari* on August 10, 2016. Since the AEDPA statute of limitations was tolled starting on November 22, 2013 and ending on August 10, 2016, Petitioner had nearly a year (minus nine days for the gap between the appeal denial for the 2008 conviction and the filing of the PCR) within which to file his § 2254 petition. Having filed on August 11, 2016, he is within the statute of limitations after tolling.

As Petitioner did not provide any information regarding the timing of his direct appeal until he filed objections, the Magistrate Judge was unable to determine the date on which the 2008 burglary conviction was final. However, the timeline of the appeal shows that Petitioner's 2008 conviction was not final until November of 2013, and the subsequent PCR filing tolled the AEDPA statute of limitations until August 2016.

## **Conclusion**

For the reasons stated above, Petitioner's § 2254 is neither successive nor untimely. Therefore, the court declines to adopt the Report and the case will proceed. This action is re-referred to the Magistrate Judge for pretrial matters.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 9, 2016

5