IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell Williams, #219730, | ) | Civil Action No.:2:16-cv-02835-CMC-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Cecilia Reynolds, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 23; *see also* Dkt. No. 22.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed the instant action on August 10, 2016. (*See* Dkt. No. 1 at 14 of 15; *see also* Dkt. No. 1-1 at 2 of 2.) On or about December 12, 2016, Petitioner filed a Motion for Discovery; Respondent opposed that motion. (Dkt. No. 20; *see also* Dkt. No. 21.) Petitioner's Motion for Discovery was denied on April 18, 2017. (Dkt. No. 30.)

On January 6, 2017, Respondent filed a Motion for Summary Judgment. (Dkt. No. 23; *see also* Dkt. No. 22.) By order filed January 9, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 24.) Petitioner has responded to the Motion for Summary Judgment. (*See* Dkt. No. 27; Dkt. No. 29.) For the reasons set forth herein, the undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 23).

## PROCEDURAL HISTORY

The Petitioner is currently confined within the South Carolina Department of Corrections ("SCDC") at Lee Correctional Institution. In January of 2008, the Richland County Grand Jury indicted Petitioner for petit larceny and first degree burglary. (R. at 627-30.) Petitioner elected to proceed *pro se*. (*See* R. at 1-21.)[1] Petitioner proceeded to a jury trial before the Honorable J. Michelle Childs on September 23-24 of 2008. (R. at 67-502.) On September 24, 2008, the jury convicted Petitioner as charged. (R. at 488-89.) Judge Childs sentenced Petitioner to thirty days on the conviction for petit larceny, and, pursuant to South Carolina Code § 17-25-45, she sentenced Petitioner to life without parole on the conviction for first degree burglary. (R. at 498-99.)

Petitioner filed a motion for a new trial; Judge Childs held a hearing on the motion on May 19, 2009. (Dkt. No. 22-4; *see also* R. at 503-31.) In an order dated March 26, 2010, Judge Childs denied Petitioner's motion. (R. at 533-51.)

Petitioner appealed and was represented by Dayne C. Phillips, Esquire, of the South Carolina Commission on Indigent Defense. (*See* R. at 552-65.) In an *Anders*[2] brief filed on October 24, 2012, Petitioner raised the following issue:

> Did the trial court err in admitting Appellant's written statement to a police officer where Appellant asserts that, although he was represented by counsel, the police officer failed to stop the interrogation after Appellant requested to have an attorney present during questioning?

(R. at 555.) Mr. Phillips also filed a petition to be relieved as counsel. (R. at 563.) Petitioner filed a *pro se* brief wherein he raised the following issues:

> Question One: Whether use of two prior convictions under South Carolina Code Ann. Sec. 16-11-311(A)(2) to enhance charge and South Carolina Code Ann. Sec. 17-25-45 to enhance sentence is unconstitutional?

> Question Two: Whether South Carolina Code Ann. Sec. 16-11-311(2) failure to afford bifurcated proceedings is unconstitutional under Blakely, Graham, Spencer?

---

[1] Petitioner did have "shadow" counsel at trial. (*See* R. at 74-75, 533.)

[2] *Anders v. California*, 386 U.S. 738 (1967).

Question Three: Whether submission of indictments to prove element of offense implicates Confrontation Clause protections?

(R. at 567-79.)

In an unpublished opinion filed on November 13, 2013, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (R. at 580-81.) The matter was remitted to the lower court on December 5, 2013. (Dkt. No. 22-6.)

On November 22, 2013, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 582-89.) Therein, Petitioner asserted he was in custody unlawfully due to (a) ineffective assistance of appellate counsel in failing to raise "on direct appeal that [his] motion for directed verdict should have been granted because the State failed to prove every element at trial"; (b) the unconstitutional use of a prior conviction to enhance his sentence where "the prior conviction violated Faretta v. California because it failed to afford [him] a chance to represent [himself]"; and (c) the erroneous use of a prior conviction under Rule 404(b), where the "State did not show [the] requirements of Rule 404(b) when it sought to use prior convictions during trial." (R. at 584.)

On September 2, 2014, an evidentiary hearing was held before the Honorable Robert E. Hood. (R. at 596-619.) Petitioner was present and represented by Anna Good, Esquire. (*See* R. at 596.) In an order dated December 1, 2014, Judge Hood denied the application for post-conviction relief and dismissed the petition. (R. at 620-26.)

Petitioner appealed, and on September 8, 2015, through attorney Benjamin John Tripp of the South Carolina Commission on Indigent Defense, he filed a *Johnson* Petition for Writ of Certiorari. (Dkt. No. 22-7.)[3] Therein, Petitioner raised the following issue:

Did the PCR court err in holding Petitioner could not prove prejudice from appellate counsel's deficiency merely because the Court of Appeals dismissed his appeal pursuant to *Anders v. California*?

(Dkt. No. 22-7 at 3 of 11.) Mr. Tripp also filed a petition to be relieved as counsel. (Dkt. No. 22-7 at 10 of 11.)

---

[3]*See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

Petitioner filed a *pro se* response to the *Johnson* petition, wherein he raised the following issues (verbatim):

> Whether South Carolina Code Ann. Sec. 17-25-45 Should Be Declared Unconstitutional Under Equal Protection Clause of Federal/State Constitution
>
> (A) South Carolina Must Institute Uniform State Wide Standards To Guide Solicitors In Deciding When They Should Seek A Sentence Of Life Without Possibility Of Parole
>
> (B) The Need For Non-Arbitrary Standards In the Application Of The Sentence Of Life Without Possibility Of Parole Outweighs Any Benefits Of Unbounded Prosecutorial Discretion
>
> (C) The Lack Of Standards To Guide Local Solicitors In Their Decisions As To Whether To Seek A Sentence Of Life Imprisonment Without The Possibility Of Parole Pursuant To South Carolina Code Of Laws Sec. 17-25-45: Inevitably Leads To The Arbitrary And Disparate Treatment Of Similarly Situated Defendants.

(Dkt. No. 22-9 at 2 of 21.)

In an order dated July 18, 2016, the Supreme Court of South Carolina denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 22-10.) The matter was remitted to the lower court on August 3, 2016. (Dkt. No. 22-11.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: Whether State Proved Guilt beyond Reasonable doubt
> **Supporting facts**: The evidence at trial Failed to Prove, crime took Place in the nighttime when victim testified it was still light outside. Further no evidence defendant had no consent to enter house when no other Proof contradicted defendant was allowed inside.
>
> **GROUND TWO**: Whether State Incorrectly Applied Old Chief?
> **Supporting facts**: At trial, Past Trial, it was argued that use of Prior conviction contributed to verdict when Jury considered Prior convictions to determine Guilt. The Same crime for which trial was based on was burglary and so were Priors used.
>
> **GROUND FOUR**:[4] Whether 17-25-45 Is Unconstitutional When Blacks Receive Life Sentences More Than Whites

---

[4]Petitioner did not state a third ground for relief. (*See generally* Dkt. No. 1.)

**Supporting facts**: The Richland County Solicitors Office has served notice on more blacks than whites, in this state blacks make 87% of inmate Population and 67.3% are serving LWOP as opposed to 25% white and 3% latinos such system is unconstitutional.

(Dkt. No. 1 at 5-10 of 15.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant action. (*See* Dkt. No. 23; Dkt. No. 22.) Before turning to the grounds for relief, the undersigned will briefly review some of the evidence presented at Petitioner's trial.

Dr. Sederberg testified that on July 12, 2007, he left his home at approximately 8:30PM, and that "[i]t was still light" outside when he left. (R. at 192.) He testified that he returned home at approximately 11:30PM that night; he discovered a window had been broken and that some jewelry and coins were missing. (R. at 194-206.) Officer Rose, who was qualified as a fingerprint identification expert, testified that Petitioner's fingerprints were found on glass at the scene of the burglary. (*See* R. at 234-63.) Investigator Mead testified that on August 15, 2007, Petitioner gave the following statement:

> On 7-12-07 I met a friend while coming from Labor Finders whose name is Jimmy Bowman. As I was coming down the street he stopped me and asked if I would give him a hand cleaning the yard. And while coming from back, I noticed he had a plastic bag but it was empty. And once in back he asked if I needed gloves and said no.
> What he was having me do was put some of the glass in the bag, and this went on for about five or ten minutes. When I asked whose house it was, he said it belonged to his girlfriend and thought he was telling the truth.
> Jimmy is about five-nine, brown skin. . . . So as I was doing this I did touch glass, and this was when I saw him pick up a box about the size of a case for not jewelry but maybe a radio size. I do not have anything because Jimmy gave me $10 for helping me and left.

(R. at 292-93.) According to Mead, when Petitioner was asked how he got inside the house, Petitioner stated, "[Jimmy] told me to climb through the window." (R. at 293-94.) Mead also testified that when he asked Petitioner what property he had from the house, Petitioner stated that he had "a silver school graduation ring in [his] property at the jail." (R. at 294.) Joli Rish, an employee of the Alvin S. Glenn Detention Center, testified that an inmate named Jimmy Bowman was in custody at the detention center from July 4, 2007 to July 20, 2007. (R. at 330-46.) As noted above, the jury convicted Petitioner on the charges of petit larceny and first degree burglary. (R. at 488-89.)

Having reviewed some of the evidence presented at the Petitioner's trial, the undersigned now turns to Petitioner's grounds for relief in the case *sub judice*. For the reasons set forth herein, the undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 23).

## A.    Ground One

In Ground One, Petitioner asserts that the State failed to prove he was guilty beyond a reasonable doubt. (Dkt. No. 1 at 5 of 15.) Petitioner states (verbatim),

> The evidence at trial Failed to Prove, crime took Place in the nighttime when victim testified it was still light outside. Further no evidence defendant had no consent to enter house when no other Proof contradicted defendant was allowed inside.

(*Id*.)

Respondent asserts that Ground One, which "appears to be a restatement of Petitioner's directed verdict claim which was raised at trial but abandoned on appeal," is procedurally defaulted. (Dkt. No. 22 at 13.) Respondent essentially argues that because the claim set forth in Ground One was not raised by counsel in the *Anders*[5] brief, or raised by Petitioner in his *pro se* brief, Ground One is procedurally defaulted. (Dkt. No. 22 at 13-23; *see also* R. at 552-65, 567-79.) Respondent asserts that "[h]ad the preserved direct appeal issue been raised either in counsel's brief or Petitioner's *pro*

---

[5]*Anders v. California*, 386 U.S. 738 (1967).

*se* brief, . . . the issue would be considered properly exhausted." (Dkt. No. 22 at 16.) Respondent states,

> [I]f not presented on appeal and appropriately preserved for review, then an issue is not exhausted under state procedure. To hold otherwise would absolve a petitioner of his duty to properly seek review of his issues in state court, and, in cases like the instant one, actually allow a petitioner to preserve for federal habeas review an issue he clearly abandoned in state court review – a windfall of inappropriate result.

(Dkt. No. 22 at 19.) Respondent points to three South Carolina decisions in asserting the three cases "can be read together to determine a critical point in fixing the extent of review in South Carolina pursuant to *Anders* – whether an issue was both presented and procedurally available for review governs whether the issue may be deemed considered on the merits." (Dkt. No. 22 at 18.) The three cases cited by Respondent are *McHam v. State*, 404 S.C. 465, 746 S.E.2d 41 (2013); *State v. Lyles*, 381 S.C. 442, 673 S.E.2d 811 (2009); and *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850 (2002). (*See* Dkt. No. 22 at 18.)

The undersigned disagrees with Respondent. *McKennedy*, *Lyles*, and *McHam* do not address the situation in the case *sub judice*, where the issue was preserved at the trial court level but not presented in the *Anders* brief by counsel or in the *pro se* brief.[6] Because these three cases are not directly on point, the undersigned will treat Ground One–a claim that was preserved for review but

---

[6]In *McKennedy*, the South Carolina Supreme Court rejected the State's argument that "articulating an issue in an *Anders* brief does not constitute 'fair presentation' of that issue to the appellate court necessary to support habeas review." *McKennedy*, 348 S.C. at 278, 559 S.E.2d at 854.

In *Lyles*, after the South Carolina Court of Appeals dismissed the petitioner's direct appeal after an *Anders* review, the petitioner filed a *pro se* petition for a writ of certiorari. *Lyles*, 381 S.C. at 443, 673 S.E.2d at 812. The South Carolina Supreme Court held "that, as a matter of public policy, [the South Carolina Supreme Court] will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review." *Id*. at 443, 673 S.E.2d at 812. The court stated, *inter alia*, "Under this procedure [set forth in *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991)], a decision of the Court of Appeals dismissing an appeal after conducting a review pursuant to *Anders* is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel to file a merits brief." *Lyles*, 381 S.C. at 444-45, 673 S.E.2d at 813.

In *McHam*, the Supreme Court of South Carolina stated, "An appellate court conducting an *Anders* review searches only for preserved issues of arguable merit." *McHam*, 404 S.C. at 482, 746 S.E.2d at 50. Because the Fourth Amendment claim at issue in *McHam* was not preserved, the Supreme Court of South Carolina noted that claim "was not considered on direct appeal," even though the appeal was conducted pursuant to *Anders*. *McHam*, 404 S.C. at 482, 746 S.E.2d at 50.

not specifically argued in the briefs submitted pursuant to *Anders*–as exhausted. *See Cobbs v. McCall*, Civ. A. No. 6:09-528-CMC-WMC, 2010 WL 936782, at *2 (D.S.C. Mar. 16, 2010) ("The Magistrate Judge determined that because Petitioner's appellate counsel filed an *Anders* brief which did not include these issues and Petitioner did not himself raise these claims in a *pro se* brief, these claims are procedurally barred from review by this court. However, it is unclear whether issues preserved at trial (or, for that matter, in Post-Conviction Relief (PCR) proceeding), but not raised in an *Anders* brief in South Carolina courts, are deemed to have been considered and dismissed on the merits by a South Carolina appellate court. . . . [A]s it appears this issue is unsettled, out of an abundance of caution, the court will review the merits of Petitioner's claims in this ground for relief."); *Alonzo-Peterson v. Riley*, Civ. A. No. 9:08-3967-PMD, 2010 WL 427746, at *5-6 (D.S.C. Feb. 3, 2010) (discussing claim that was addressed by PCR judge but not presented in the *Johnson* brief or a *pro se* brief on the merits, stating, "[I]n light of Petitioner's *pro se* status, and since there appears to be no clear controlling precedent on this issue, out of an abundance of caution the undersigned has discussed Petitioner's claims of ineffective assistance of counsel on the merits."); *see also McHam*, 404 S.C. at 475, 746 S.E.2d at 46 ("Under the *Anders* procedure, an appellate court is required to review the ***entire*** record, including the complete trial transcript, for ***any preserved*** issues with potential merit." (citations omitted) (first and second emphasis added)). The undersigned therefore turns to the merits of Ground One.

Petitioner argues in Ground One that the evidence was insufficient to support his conviction for first degree burglary; he asserts the evidence did not prove the crime took place at night or that he lacked consent to enter the house. (*See* Dkt. No. 1 at 5 of 15.) Although claims of insufficient evidence are cognizable on collateral review, "a federal court's review of such claims is 'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). As the Fourth Circuit stated in *Wilson*,

> Federal review of the sufficiency of the evidence to support a state conviction
> is not meant to consider anew the jury's guilt determination or to replace the state's

system of direct appellate review. Thus, a defendant is entitled to relief only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

*Wilson*, 155 F.3d at 405-06 (internal quotation marks and citations omitted).

South Carolina Code § 16-11-311(A) defines burglary in the first degree as follows:

A person is guilty of burglary in the first degree if the person enters a dwelling ***without consent*** and with intent to commit a crime in the dwelling, and either:

> (1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
> (a) is armed with a deadly weapon or explosive; or
> (b) causes physical injury to a person who is not a participant in the crime; or
> (c) uses or threatens the use of a dangerous instrument; or
> (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

> (2) ***the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both***; or

> (3) ***the entering or remaining occurs in the nighttime***.

S.C. CODE ANN. § 16-11-311(A) (emphasis added).

During his trial, Petitioner moved for a directed verdict, arguing "the State . . . failed to prove its case beyond a reasonable doubt." (R. at 350.) Petitioner argued, *inter alia*,

At this time, Your Honor, I want to make a motion for a directed verdict based on the fact that the State has failed to prove its case beyond a reasonable doubt. One, the State in the material elements of the first degree burglary charge, that the State must prove beyond a reasonable doubt that the crime took place at night, there is no testimony in the record to establish that the crime was happening in the hours of darkness.

Based on the testimony of the witness, of the witness that testified, which is the victim himself, he said–he testified on the direct and the cross examination that when he left his house it was still light outside. That doesn't constitute as in the hours of darkness. . . .

At the time when the victim left home, there was still, as the victim's testimony points out, it was still daylight outside. It was even though the sun might

have been declining behind the trees, the sun was still out. So, therefore, that doesn't constitute it as a nighttime element. The nighttime element of burglary has not been established by the State beyond a reasonable doubt. That's one.

Number two, the State itself has failed to prove that the defendant at the time of the crime did not have consent to enter the residence. While it may be true that the individual living there or the individual that might have been there might not have had consent, but the State still must prove beyond a reasonable doubt that the defendant had knowledge that this individual which was here did not have the legal authority to say that he could enter or not enter the residence.

(R. at 350-52.) Petitioner argued that the State failed to prove that Mr. Bowman did not have "the legal authority to give the defendant consent to enter the residence." (R. at 353.) He asserted "[a]ll the evidence shows is that the defendant reasonably believed that he had consent to enter the residence." (R. at 355.)

In response to Petitioner's arguments, Judge Childs stated,

Okay. Well, let me tell you that the standard for directed verdict is that the Court is not concerned about–I am only concerned about whether there is an existence of evidence, not its weight. In other words, we could go back and forth and attack the credibility or attack believability essentially of evidence on either side. I just have to be concerned about whether there is evidence on the issue in the light most favorable to the party bring[ing] the case. In this case it is the state.

If I go down the issues in the order that you've indicated, the darkness issue; yes, no doubt that Mr. Sederberg indicated that it was still light when he left which was around 8:30. If sunset is occurring at 8:37 and the alleged crime is occurring after that, then there is some inference that it became dark at some point. He just was not physically home at the time that it became dark.

So you've got that issue about in a light most favorable to both of them about it depended upon when the alleged crime actually took place. But it was definitely–unless we have something definitive to say it was within that seven-minute period from allegedly when he left and then sunset, then that's still an open question for the jury, to determine whether there was daytime, nighttime.

In terms of the consent, under the charge of burglary first, aside from proving a prior conviction or entering, remaining in the nighttime, then there's other aggravating–I mean there is other conditions, entering into the dwelling and then without consent; particularly that charge references the entry into the dwelling must be without the consent of the person in lawful possession.

And that's the part that they've indicated that they've established, that no consent from the person who is in lawful possession of the home was conferred to you. And I don't know that they have to take the leap to prove that Mr. Bowman didn't have the consent to then give it to you, because it's inferred that if he said he's

> living there alone and essentially he didn't have any awareness of anybody who had the right to be on his property that night, then that would include all persons.
> . . .
>
> And so at this time it would be the Court's position that they have met their standard for directed verdict and that it's just a matter of closing appropriately you being able to attack away the credibility of the witnesses or believability in terms of them believing some or parts of it. But they just have to give me some evidence. It's not for me to weigh it. That isn't enough. But that there is something there in a light most favorable to them. So I would deny a directed verdict on burglary first.

(R. at 363-66.)

The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor did the state court's decision result in an unreasonable determination of the facts. The victim testified that on July 12, 2007, he left his home at approximately 8:30PM, and that "[i]t was still light" outside when he left. (R. at 192.) He testified that he returned home at approximately 11:30PM that night; he discovered a window had been broken and that some jewelry and coins were missing. (R. at 194-206.) While Petitioner contends the State did not prove the entering or remaining occurred in the nighttime, the record contains evidence that on July 12, 2007, the sun set at 8:37PM. (R. at 297.)[7] Additionally, while Petitioner contends the State did not prove he entered the home without consent, the victim testified that on July 12, 2007, he was living at this home alone; he also stated that he did not recognize Petitioner and had never invited Petitioner to his home. (R. at 182-84, 208-09.) Furthermore, Investigator Mead

---

[7]In his Response in Opposition to the Motion for Summary Judgment, Petitioner cites *Bannister v. State*, 333 S.C. 298, 509 S.E.2d 807 (1998), contending that the court therein "ruled that [the] State failed to prove [the] element of in the 'nighttime' and the court reversed." (*See* Dkt. No. 27 at 2 of 17.) *Bannister* does not support Petitioner's argument. In *Bannister*, the State contended the PCR judge erred in finding defense counsel was ineffective in failing to challenge the admissibility of the respondent's statement; the respondent argued he was prejudiced because "the statement contained the only evidence that the burglary occurred in the nighttime." *Bannister*, 333 S.C. at 304, 509 S.E.2d at 810. The court stated, *inter alia*,

> [A]dmission of the statement was not prejudicial. Other witnesses testified it was nighttime when respondent broke into the apartment. One witness testified it was dark in her bedroom; another testified he could see respondent due to the kitchen light; a patrol officer stated at the time she arrived on the scene, "[i]t was on the verge of not quite being dark, but it wasn't quite light also." 12A C.J.S. Burglary § 26 (1980) ("'Nighttime' . . . is, as was held at common law, that period between sunset and sunrise during which there is not daylight enough by which to discern or identify a man's face, except by artificial light or moonlight.").

*Bannister*, 333 S.C. at 304-05, 509 S.E.2d at 810.

testified that when he asked Petitioner how he got inside the house, Petitioner stated, "[Jimmy] told me to climb through the window." (R. at 293-94.) Finally, the State presented evidence at trial that Petitioner had two prior convictions for burglary in the first degree. (*See* R. at 347-48.) In the opinion of the undersigned, a rational trier of fact could have found Petitioner guilty, beyond a reasonable doubt, of burglary in the first degree. Petitioner is not entitled to federal habeas relief as to Ground One; the undersigned therefore recommends granting summary judgment to Respondent as to this ground.

**B.**     **Ground Two**

Petitioner contends in Ground Two that the state court "incorrectly applied" the case of *Old Chief*. (Dkt. No. 1 at 6 of 15.) Petitioner states (verbatim),

> At trial, Past Trial, it was argued that use of Prior conviction contributed to verdict when Jury considered Prior convictions to determine Guilt. The Same crime for which trial was based on was burglary and so were Priors used.

(*Id.*)

The case of *Old Chief v. United States*, 519 U.S. 172 (1997), involved a prosecution for violation of 18 U.S.C. § 922(g)(1), which generally "prohibits possession of a firearm by anyone with a prior felony conviction." *Old Chief*, 519 U.S. at 174. The Court noted that, "[f]earing prejudice if the jury learns the nature of the earlier crime, defendants sometimes seek to avoid such an informative disclosure by offering to concede the fact of the prior conviction." *Id.* The Court held that a district court "abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.*

Respondent asserts that Ground Two is procedurally defaulted. (Dkt. No. 22 at 13.) Respondent states, *inter alia*,

> Petitioner did not argue at trial that the trial judge failed to consider and/or apply the federal case, *Old Chief v. United States*, 519 U.S. 172 (1997), in admission of prior convictions evidence at his 2008 jury trial and in his following direct appeal.

13

> Therefore, this precise issue – to the extent it is cognizable – was not properly exhausted. It is defaulted and not available for review on the merits.

(Dkt. No. 22 at 28.)

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000)). Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

The undersigned has reviewed the transcript, and it does not appear that Petitioner argued at trial that the state court was incorrectly applying the *Old Chief* case. (*See generally* R. at 67-502.) In his Response in Opposition, Petitioner does not contend that he specifically argued *Old Chief* to the trial judge. (*See generally* Dkt. No. 27.) He appears to argue, however, that *Old Chief* allows him to bifurcate guilt and sentencing. (Dkt. No. 27 at 9 of 17.) Petitioner asserts his two prior convictions "ha[ve] no relevance to [the] question of guilt and [are] prejudicial to a fair determination of that question." (Dkt. No. 27 at 9-10 of 17.)

Petitioner states (verbatim),

> Respondent contends that Old Chief is based on Federal Rules of Evidence and as such not applicable to state courts. For two reasons this argument has no merit (1) Both Benton, Hamilton reference Old Chief in their opinions, the habeas courts have authority under sec. 2254(d)(1)(2) to determine if state courts have unreasonably applied law and facts. See Williams v. Taylor, 529 U.S. 362 (2000); (2) submission of the indictments contributed to jury finding of guilt and violated my right to a fair trial.

(Dkt. No. 27 at 11 of 17.) Petitioner asserts the "burglary crime evidence from (1994) was more prejudicial than it was probative," and the "[o]nly purpose it could have been used by the jury was to draw an impermissible propensity inference." (Dkt. No. 27 at 12 of 17.) Petitioner appears to assert the admission of evidence concerning his prior burglaries violated Rule 404(b) of the South Carolina Rules of Evidence. (Dkt. No. 27 at 12 of 17.)

To the extent Petitioner asserts herein that admission of his prior burglaries violated Rule 404(b) of the South Carolina Rules of Evidence, such a claim is not cognizable herein. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))); *see also* 28 U.S.C. § 2254(a); *Smith v. Moore*, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law). To the extent Petitioner claims the trial court incorrectly applied *Old Chief*, that claim is defaulted, as such a claim was not raised to, or ruled upon, by any state court. *See Matthews v. Evatt*, 105 F.3d 907, 911-17 (4th Cir. 1997), *abrogated on other grounds by Miller-El v. Dretke*, 545 U.S. 231 (2005); *see also Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir. 1999) ("In order to avoid procedural default, the 'substance' of [the petitioner's] claim must have been 'fairly presented' in state court." (quoting *Townes v. Murray*, 68 F.3d 840, 846 (4th Cir. 1995))); *Kornahrens v. Evatt*, 66 F.3d 1350, 1361-62 (4th Cir. 1995); *Thomas v. Gibson*, 218 F.3d 1213, 1220-21 (10th Cir. 2000) (concluding petitioner defaulted on claim that counsel was ineffective for "failing to develop evidence that Kenneth Powell was the likely murderer or in failing to present that evidence to the jury at trial" where the petitioner failed "to adequately present the basis of this claim" in the state courts, even though the petitioner asserted "a

generalized claim that his trial counsel had not adequately prepared for trial"); *see also S.C. Dep't of Transp. v. M&T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 658, 667 S.E.2d 7, 14-15 (Ct. App. 2008) ("It is well settled that an issue must have been raised to and ruled upon by the trial court to be preserved for appellate review. Additionally, if the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review." (citations and internal quotation marks omitted)).

As noted above, procedural default may be excused in certain circumstances. Petitioner, however, has set forth no circumstances sufficient to set aside the procedural default. Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment as to Ground Two.

## C.      Ground Four[8]

In Ground Four, Petitioner asserts that South Carolina Code Section 17-25-45 is unconstitutional "when blacks receive life sentences more than whites." (Dkt. No. 1 at 10 of 15.) In the "Supporting Facts" section of Ground Four, Petitioner states (verbatim),

> The Richland County Solicitors Office has served notice on more blacks than whites, in this state blacks make 87% of inmate Population and 67.3% are serving LWOP as opposed to 25% white and 3% latinos such system is unconstitutional.

(Dkt. No. 1 at 10 of 15.) Respondent seeks summary judgment as to Ground Four, contending it is defaulted because "Petitioner failed to timely bring the challenge at his first opportunity, *i.e.*, at trial." (Dkt. No. 22 at 14.) More specifically, Respondent states,

> In his . . . post-conviction relief ("PCR") action, Petitioner testified that the recidivist statute was unconstitutional as it had a more significant impact on African Americans. He referenced statistics regarding African Americans serving life without parole sentences. (Attachment 1, PCR Appendix, p. 606). Petitioner also testified that he failed to raise the issue at trial, explaining simply "at the time [he] didn't have information." (Attachment 2, PCR Appendix, pp. 608-609). The PCR judge did not directly address the statistics. However, he did find that Petitioner had an opportunity to present arguments on the constitutionality of the statute on the trial level, and that post-conviction relief was not a substitute for raising a claim at trial and on direct

---

[8]Petitioner did not state a third ground for relief. (*See generally* Dkt. No. 1.)

appeal. (Attachment 3, PCR Order of Dismissal, at p. 6). Ground Four has been defaulted.

(Dkt. No. 22 at 31.)

The undersigned recommends granting summary judgment to Respondent as to Ground Four because Ground Four is procedurally defaulted. During his PCR hearing, Petitioner testified as follows on direct examination:

> The second thing is I'm saying that 17-25-45 is unconstitutional because according to the US Justice Department Prison Policies Initiative and the Bureau of Justice Services, in the Department of Corrections, African Americans make up 75 percent of the people that are in there, and according to them, 67.3 percent are serving life without the possibility of parole.
>
> This is African Americans alone. With that alone, it seems like it's being arbitrarily applied to just African Americans because only 10 percent of those who are nonblack are serving the possibility of life without parole [sic] sentences.
>
> In this whole thing, if this is the case, then we have to look about now it should be a situation where the prosecutors have too much discretion in apparently using it in the wrong manner of even seeking life without the possibility of parole sentences.

(R. at 606.) On cross-examination, Petitioner admitted that he did not raise the issue set forth in Ground Four at trial because "at the time [he] didn't have [the] information," so "there was no need for [him] to bring it up then." (R. at 608.)

In the case *sub judice*, Petitioner admitted during his PCR hearing that he did not raise the issue during trial. (R. at 608.) "In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge." *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003). "Issues not raised and ruled upon in the trial court will not be considered on appeal" in South Carolina. *Id.* at 142, 587 S.E.2d at 693-94. Because Petitioner did not raise the issue set forth in Ground Four to the trial court, any attempt to raise the issue on appeal would have been fruitless. *See State v. Rivers*, 411 S.C. 551, 556, 769 S.E.2d 263, 266 (Ct. App. 2015) (affirming the trial court where "the issue presented on appeal [was] unpreserved because it was not raised to and ruled upon by the trial court"). Accordingly, Petitioner did not exhaust this issue on

direct appeal.[9] *See Mack v. McFadden*, Civ. A. No. 5:14-cv-04125-RBH, 2015 WL 5608216, at *25 (D.S.C. Sept. 22, 2015) (rejecting the petitioner's argument that his claim was not defaulted because it was "raised and argued before the South Carolina Supreme Court in his direct appeal," and finding the claim defaulted, where "the lack of a contemporaneous objection at trial precluded an appellate decision on the merits of the claim"); *McKenzie v. Cartledge*, Civ. A. No. 8:13-cv-02488-RBH, 2014 WL 3919711, at *2 (D.S.C. Aug. 11, 2014) (finding a claim for relief defaulted where the petitioner raised the issue on direct appeal, but the appellate court found the issue was not preserved for direct review); *Holley v. Padula*, Civ. A. No. 5:11-1814-CMC-KDW, 2012 WL 3550498, at *11 (D.S.C. July 19, 2012), *adopted at* 2012 WL 3542502 (Aug. 16, 2012) ("Petitioner's Issue Two (error of trial court regarding evidence chain of custody), and Issue Three (error of trial court regarding jury charge on malice), are procedurally barred because they were not raised at trial, and therefore, not preserved when raised in Petitioner's pro se brief to the South Carolina Court of Appeals.").

In his filings related to his Motion for Discovery, Petitioner appears to contend that even though the PCR court did not address the claim, because he raised the issue at the PCR hearing and in his *pro se* brief to the South Carolina Supreme Court, wherein he sought relief from the order denying post-conviction relief, the issue is not defaulted. (Dkt. No. 26 at 2-3 of 8; *see also* Dkt. No. 22-9.) Petitioner also presents a Motion to Alter or Amend that he filed in his PCR action, wherein Petitioner asserted the PCR court did not address the claim he now sets forth in Ground Four.

---

[9]In his Reply to the Motion for Discovery, Petitioner appeared to assert that because he raised the constitutionality of § 17-25-45 to the trial court, Ground Four is not procedurally defaulted. (Dkt. No. 26 at 3 of 8.) While Petitioner did challenge the constitutionality of the statute in some specifics, *see* R. at 541-44, he did not raise the constitutional claim he presents in Ground Four to the trial court. "In order to avoid procedural default, the 'substance' of [the petitioner's] claim must have been 'fairly presented' in state court." *Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir. 1999) (quoting *Townes v. Murray*, 68 F.3d 840, 846 (4th Cir. 1995)); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1361-62 (4th Cir. 1995); *Thomas v. Gibson*, 218 F.3d 1213, 1220-21 (10th Cir. 2000) (concluding petitioner defaulted on claim that counsel was ineffective for "failing to develop evidence that Kenneth Powell was the likely murderer or in failing to present that evidence to the jury at trial" where the petitioner failed "to adequately present the basis of this claim" in the state courts, even though the petitioner asserted "a generalized claim that his trial counsel had not adequately prepared for trial"). Because he did not raise the claim set forth in Ground Four to the trial court, Ground Four is procedurally barred.

(*See* Dkt. No. 26-1 at 6-8 of 13.) These arguments, however, do not alter the fact that Ground Four is procedurally barred.

As the Petitioner asserts, he did raise the issue set forth in Ground Four in the PCR court. The PCR judge stated, *inter alia*,

> Applicant has also alleged that the use of his prior convictions to enhance his sentence is unconstitutional and violates the rule against introducing evidence of prior bad acts. This allegation raises direct appeal issue that is procedurally based by [sic] S.C. Code Ann. § 17-27-20(b) (2003). Post-conviction relief is not a substitute for a direct appeal. <u>Simmons v. State</u>, 264 S.C. 417, 215 S.E.2d 883 (1974). A post-conviction relief application cannot assert any issues that could have been raised at trial or on direct appeal. <u>Ashley v. State</u>, 260 S.C. 436, 196 S.E.2d 501 (1973). . . .
> . . .
> The Applicant had a full opportunity to argue both the constitutionality of the statute and whether the use of his prior burglary convictions violated the rule against evidence of prior bad acts at trial and on appeal. The public interest in finality of judgments requires that litigation must eventually come to an end. The Order denying Applicant's Motion for New Trial very thoroughly addresses each of the arguments Applicant raised.
> Therefore, based upon the doctrine of *res judicata* and the fact that the issues raised are not appropriate for post-conviction relief, but rather direct appeal, this Court summarily dismisses these allegations.

(R. at 625.) While the PCR court's order does not appear to address the specific claim set forth in Ground Four, the order does indicate that claims related to the constitutionality of § 17-25-45 were direct appeal issues.

Simply put, the time for raising Ground Four in state court was during trial, and Petitioner did not do so. Raising the claim before the PCR court–when the issue was one for direct appeal–does not render the claim exhausted. *See Mackall v. Angelone*, 131 F.3d 442, 445 (4th Cir. 1997) ("Absent cause and prejudice or a fundamental miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule."); *see also Stephenson v. Taylor*, Civ. A. No. 0:06-816-RBH, 2007 WL 1068247, at *2 (D.S.C. Mar. 30, 2007) (finding due process claim procedurally barred where, "even if under a liberal construction of the PCR application the issue is

considered to have been raised before the PCR Judge, this was an issue that should have been raised on direct appeal and could not be raised on PCR except as to ineffective assistance of counsel").

While procedural default can be excused,[10] Petitioner has not set forth such grounds. Accordingly, the undersigned recommends granting summary judgment to Respondent as to Ground Four.

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 23) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[11]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 24, 2017
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[10]*See supra* p. 14.

[11]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).