IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams, #219730,<br><br>    Petitioner,<br><br> v.<br><br>Cecelia Reynolds, Warden,<br><br>    Respondent. | C/A No. 2:16-2835-CMC<br><br><br><br>Opinion and Order |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a return and a motion for summary judgment on January 6, 2017. ECF Nos. 22, 23. After a *Roseboro* Order was entered, Petitioner filed a response in opposition. ECF No. 27. Respondent filed a reply (ECF No. 28) and Petitioner filed a sur reply (ECF No. 29). On May 24, 2017, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted. ECF No. 9. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so.

This court previously granted summary judgment for Respondent after Petitioner failed to timely file objections to the Magistrate Judge's Report. ECF No. 43. The court also denied Petitioner's motion for extension of time to file objections. ECF No. 47. However, Petitioner

thereafter filed a "motion for relief on the pleadings," but an attachment to the motion noted it was "mislabeled" and sought to file it as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1). ECF No. 50. Based on Petitioner's assertion the prison mailroom failed to send his objections on time, and abnormalities in the prison mailroom stamps on Petitioner's envelopes, the court granted the motion, vacated the Judgment, and allowed Petitioner to file objections to the Report. ECF No. 54. Petitioner then filed his objections to the Magistrate Judge's Report. ECF No. 57. Petitioner has also filed a motion for certificate of appealability, requesting a certificate be granted if the court adopts the Report and grants summary judgment for Respondent. ECF No. 59.

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## **Discussion**

The Report recommends granting Respondent's motion for summary judgment on the merits as to ground one and based on procedural default as to grounds two and three. ECF No. 35. Petitioner offers objections as to each finding of the Magistrate Judge. ECF No. 57. Each claim will be addressed in turn.

*1. Ground one: Whether the State proved guilt beyond a reasonable doubt*

At trial, Petitioner argued the prosecution failed to prove burglary first degree beyond a reasonable doubt because it did not show the entry was during the nighttime or he did not have permission to enter the home. Petitioner represented himself and made a motion for directed verdict on these grounds. ECF No. 22-1 at 354-60[1]. The trial judge denied this motion. *Id.* at 367-70. On appeal, Petitioner's counsel filed an *Anders* brief raising only one issue regarding admission of Petitioner's written statement. ECF No. 22-2 at 56-66. Petitioner filed a *pro se* brief raising three issues: whether the use of his two prior convictions to enhance his sentence was unconstitutional; whether failure to bifurcate proceedings was unconstitutional; and whether submission of indictments to prove an element of the offense implicated his Confrontation Clause protections. *Id.* at 71-83. He did not raise the grounds from his directed verdict motion or ask the Court of Appeals to review the denial of the directed verdict motion.

In her Report, the Magistrate Judge treated this ground as exhausted (and thus not procedurally defaulted) because Petitioner's appellate counsel filed an *Anders* brief, which triggers appellate review of the entire record for any preserved issue with potential merit. ECF No. 35 at 9. The Report therefore examined the merits of this ground, finding the state court's denial of directed verdict was not contrary to or an unreasonable application of clearly established federal law, nor did it result in an unreasonable determination of the facts. *Id.* at 12.

---

[1] Page numbers for the attachments to ECF No. 22 refer to the pages of the filed document as seen in the filing header, not the page numbers as previously marked on the documents before filing.

Petitioner, in his objections, appears to concede the denial of his directed verdict motion was not contrary to established federal law. ECF No. 57 at 2-3. However, he argues the Magistrate Judge erred in finding the state court decision was a reasonable application of federal law. Petitioner argues the state court decision was an "unreasonable application of the *Jackson* standard," citing *Jackson v. Virginia*, 443 U.S. 307 (1979) regarding sufficiency of the evidence. He then argues the facts of his criminal case, asserting the prosecutor did not meet his burden regarding the nighttime or permission elements of first degree burglary.

The court agrees with the Report's conclusion regarding ground one: "a rational trier of fact could have found the petitioner guilty, beyond a reasonable doubt, of burglary in the first degree" based on the evidence presented at trial. *See Jackson*, 443 U.S. at 320 ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) ("Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or replace the state's system of direct appellate review. Thus, a defendant is entitled to relief only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt."). Although Petitioner argues the state trial court and the Magistrate Judge "ignored material evidence and Petitioner['s] key arguments," both addressed the evidence regarding nighttime and consent and found it was sufficient to meet the standards for denial of directed verdict and sufficiency of the evidence. This court agrees. Even considering Petitioner's arguments in support of his positions, a rationale trier of fact could have found him guilty. Therefore, the directed verdict motion was properly denied, and there was no

unreasonable application regarding sufficiency of the evidence or an unreasonable determination of the facts.

2. *Ground two: Application of <u>Old Chief</u>*

    a. <u>Background</u>

The Magistrate Judge concluded Petitioner's second ground, regarding admission of his prior convictions for burglary and the application of *Old Chief v. United States*, 519 U.S. 172 (1997), was procedurally defaulted as Petitioner failed to raise this ground at his state court trial. ECF No. 35 at 13-15. Petitioner objects to this conclusion. ECF No. 57.

In order to determine whether this ground is procedurally defaulted, the court must examine what Petitioner argued at trial and how it differs from his argument in this petition. Before trial, Petitioner made a motion and was heard by the state court seeking to preclude the state from admitting the prior burglary convictions in the guilt phase of his trial. ECF No. 22-1 at 38-40; 56-67. He discussed the limitation "as to how far certain convictions they can bring in on other things," and sought to challenge how and when the burglary convictions could be introduced. *Id.* The judge at that proceeding held Petitioner's motion in abeyance and explained the trial judge would determine when and how they would come into evidence. *Id.* at 67.

At trial, Petitioner argued South Carolina Rule of Evidence 404(b) renders South Carolina Code § 16-11-311(a)(2) "unconstitutional," because it allows prior convictions to be admitted in the guilt phase as an element of first degree burglary when such admission may allow the jury to "draw inferences or decide the accused's guilt based on a prior conviction."

5

ECF No. 22-1 at 150-52.  He also cited *State v. Moye*[2], as holding the state may not use a prior conviction to prove an the element of the charge for which a defendant is on trial, because that would violate double jeopardy.  *Id.* at 152.  Petitioner argued "prior criminal acts independent of the crime here . . . should not be admitted during the course of the trial to prove the defendant's guilt," that such admission would deny a fair trial and make it "much easier" for the State to convict.  *Id.* at 153-55.  Petitioner requested Rule "404(b) be applied to exclude any evidence of any past prior conviction that either the defendant has been convicted of or he has not been convicted of."  *Id.* at 155.  Further, Petitioner stated "the stipulation matters not.  It's the fact they're using those convictions for a conviction."  *Id.* at 156-57.

In response to Petitioner's argument, the trial court noted proof of two or more convictions for burglary or housebreaking or both can be an element of the crime of first degree burglary by statute.  *Id.* at 157.  The court noted she would give a limiting instruction that the jury could not use the fact of prior convictions for any purpose other than determining whether the state had met an element of the statute, and that they must decide guilt as to the charged burglary itself before considering whether the prior convictions warrant a conviction for burglary first degree.  *Id.*  The court noted South Carolina appellate courts have held prior convictions to be a valid element of first degree burglary.  *Id.* at 157-58.  Thereafter, the court gave a limiting instruction.  *Id.* at 472.

---

[2] The case Petitioner relied on at trial appears to be *State v. Moyd*, 468 S.E.2d 7 (S.C. Ct. App. 1996).  *Moyd* found no double jeopardy violation when a driver was charged with driving while suspended and habitual traffic offender, because the elements did not overlap.  This case does not appear to assist Petitioner in his argument.

In his § 2254 petition, Petitioner listed ground two as "Whether State Incorrectly Applied Old Chief," and explained further, verbatim: "[a]t trial, post trial, it was argued that use of prior conviction contributed to verdict when Jury considered prior convictions to determine guilt. The same crime for which trial was based on was burglary and so were priors used." ECF No. 1 at 6. In his response to Respondent's motion for summary judgment, Petitioner argued the "constitutionality of statute concerning bifurcation," which he alleges was argued at trial. ECF No. 27 at 9. He argued allowing the jury to deliberate with indictments from prior convictions denied him the right to a fair trial and violated *Old Chief*. *Id.* He contended a bifurcated trial would remedy this, as his "prior convictions has [sic] no relevance to question of guilt and is prejudicial to a fair determination of that question." *Id.* at 9-10. Petitioner further argued "the nature and underlying story of that prior conviction, however, were not necessary or admissible merely to prove prior burglary convictions." *Id.* at 11. He asserted the burglary conviction evidence was more prejudicial than probative, and again argued Rule 404(b). *Id* at 12.

As noted above, the Report concludes ground two was procedurally defaulted because Petitioner did not raise his current *Old Chief* theory in the state court. ECF No. 35 at 14 ("[I]t does not appear that Petitioner argued at trial that the state court was incorrectly applying the *Old Chief* case."). The Report further notes Petitioner "set forth no circumstances sufficient to set aside the procedural default." *Id.* at 14-16. Finally, the Report also explains an asserted violation of state law or state rule of evidence is not cognizable in federal habeas corpus proceedings. *Id.* at 15.

In his objections, Petitioner argues the probative value of his prior convictions for burglary was substantially outweighed by the prejudice to him in admitting them. ECF No. 57 at 13. He contends he argued at trial the admission of his prior burglary convictions might cause

7

the jury to convict due to improperly inferring propensity to commit such a crime. He notes the trial judge "did not balance the relevance of proposed use of this evidence . . . against the high risk that the evidence will also tend to establish bad character and propensity to commit crime." *Id.* Therefore, Petitioner argues, his trial should have been bifurcated into a guilt phase and a sentencing phase. *Id.* at 14.

b. Discussion

The court agrees Petitioner challenged admission of his prior burglary convictions at trial. *See* ECF No. 22-1 at 151-63. While the specific reference to *Old Chief* may not have been raised, the court concludes Petitioner raised the substance of his arguments regarding the use of prior convictions to meet an element of first degree burglary at the trial court level. Therefore, this claim is not procedurally defaulted and the court declines to adopt the Recommendation of the Report on ground two.

However, Petitioner's claim regarding the use of his previous convictions fails on the merits. While Petitioner now argues his "two prior convictions has no relevance to the question of guilt," this is incorrect – one of the ways a prosecutor can establish first degree burglary in South Carolina is if the burglary "is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both." S.C. Code § 16-11-311(A). As prior convictions can be an element of first degree burglary, such evidence is relevant in the guilt/innocence phase of a trial for that offense. This was recognized by the trial court when she denied Petitioner's motions on this issue.

Further, upon review of the transcript, it is apparent the trial court applied *Old Chief*: in addition to the limiting instruction, the trial judge allowed only a stipulation from the parties regarding Petitioner's previous burglary convictions, and did not permit the State to go into

details regarding the circumstances of the crimes or convictions. ECF No. 22-1 at 360 ("The defendant has stipulated, the State has introduced the two prior convictions for burglaries."); 22-2 at 34 ("[W]e chose to do the burglary first because he stipulated to it . . . He admitted that he had two prior burglaries by virtue of stipulation."). Therefore, Petitioner's claim that *Old Chief* was not followed is without merit.

To the extent Petitioner argues admission of the prior convictions violated South Carolina Rule of Evidence 404(b), a federal court may not entertain such a claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

3. *Ground three: Constitutionality of S.C. Code § 17-25-45*[3]

Regarding the final ground raised by Petitioner, that S.C. Code § 17-25-45 is unconstitutional "when blacks receive life sentences more than whites," the Magistrate Judge found this defaulted. ECF No. 35 at 16. While Petitioner raised this issue during his PCR hearing, he admitted he did not raise the issue at trial. ECF No. 22-2 at 110; 112 ("[T]he disparity of sentencing when it comes to life without parole sentences. That was never raised.").[4] Because Petitioner did not raise the issue at trial, it was not preserved for appellate review and not considered on appeal. *See State v. Dunbar*, 587 S.E.2d 691, 693 9S.C. 2003) ("Issues not

---

[3] This is listed as Ground Four in the Petition; however, no ground three was listed.

[4] While Petitioner may have raised an argument the South Carolina statute was unconstitutional for other reasons at trial, it is clear he did not present the same argument he presents in this habeas petition, regarding sentencing disparity. The Order denying Petitioner's application for PCR lists as an allegation "Prior conviction used to enhance unconstitutional" and notes "applicant had a full opportunity to argue both the constitutionality of the statute and whether the use of his prior burglary convictions violated the rule against evidence of prior bad acts at trial and on appeal." R. at 625 (ECF No. 22-2 at 129, PCR decision). However, challenging the constitutionality of the statute as it was applied in Petitioner's criminal case is different from alleging racial disparity in sentencing, as he does in the instant petition.

raised and ruled upon in the trial court will not be considered on appeal."). Therefore, this ground was not exhausted and is procedurally barred.

Petitioner objects, citing *Lance v. State*, 279 S.C. 144 (1983), renewing his request for discovery on this point, and arguing the merits of the issue. ECF No. 57 at 17-20. Petitioner argues the PCR court did not address his argument on this issue and *Lance* is "directly on point."

As explained thoroughly by the Magistrate Judge in her Report (ECF No. 35) and by this court in the Order denying Petitioner's appeal of the Magistrate Judge's previous order denying discovery (ECF No. 40), this ground is procedurally defaulted and Petitioner has not shown good cause and actual prejudice or a miscarriage of justice as required to excuse the default. Petitioner's objections clearly admit "there is no state court analysis of the issue." ECF No. 57 at 18. This is further evidence this ground is procedurally defaulted.[5]

## Conclusion

After a *de novo* review of the entire record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge as to grounds one and three. The court declines to adopt the recommendation of procedural default on ground two. Accordingly, the Report and Recommendation is adopted except as to ground two, and incorporated by reference as modified herein. Respondent's motion for summary judgment is granted, and Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

---

[5] In addition, Petitioner's reliance on *Lance* is misplaced. *Lance* concerns a habitual traffic offender who could not contest this designation under the Uniform Post-Conviction Procedure Act and has no bearing on this case.

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**, as is Petitioner's motion for one (ECF No. 59).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 14, 2017