IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams, | C/A No. 2:16-cv-2835-CMC |
| Petitioner, | |
| v. | **OPINION and ORDER** |
| Cecilia Reynolds, Warden, | |
| Respondent. | |

This matter is before the court on Petitioner Darrell Williams' Motion to Amend Judgment pursuant to Rule 59(e). ECF No. 63. The challenged judgment, entered November 14, 2017, adopted the Report and Recommendation of the Magistrate Judge and granted summary judgment to Respondent. ECF No. 60 (Order), 61 (Judgment). Petitioner has also filed a motion for extension of time to file an appeal. ECF No. 64. Respondent filed responses in opposition to both. ECF Nos. 65, 66. Petitioner filed a reply.[1] ECF No. 68.

**I. Timeliness**

A threshold issue present in this case is one of timeliness. Under Rule 59(e), a party moving to alter or amend the judgment must file the motion within 28 days of the entry of judgment. In this case, the judgment was entered November 14, 2017 (*see* ECF No. 61), but

---

[1] Petitioner's reply was untimely, as it was received by the Correctional Institution mail room on March 9, 2018 (see ECF No. 68-1; *Houston v. Lack*, 487 U.S. 266 (1988)) but was due on March 6, 2018 (March 1 deadline plus three additional days because Respondent's responses were served by mail). However, in an abundance of caution, the court will consider Petitioner's reply.

Petitioner's motion was not received by this court until February 8, 2018[2]. Although Petitioner's Rule 59(e) motion does not address this timeliness issue, his motion to extend time to appeal notes his motion to alter/amend was mistakenly (but timely) sent to the Charleston County Probate Court instead of the Federal District Court. *See* ECF No. 64. An exhibit attached to the motion for extension shows Petitioner mailed a document to "United States District Court Charleston Division, 84 Broad Street , Charleston, S.C., 29401" on November 22, 2017. ECF No. 64-1. This piece of mail was returned to him from the Probate Court, which does sit at 84 Broad Street in Charleston, on January 24, 2018. *Id.* He then mailed his motions to this court on February 6, 2018. ECF No. 64-2.

Regardless of the reason for the late filing, the district court does not have the power to enlarge the time period for filing a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), 60(b)."); *Panhorst v. United States,* 241 F.3d 367, 370 (4th Cir. 2001). Therefore, the court is unable to accept Petitioner's filing as a timely Rule 59(e) motion. However, because Petitioner filed his motion within a year of the entry of the summary judgment order, this court will construe Petitioner's motion as one for reconsideration under Rule 60(b). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (treating motion to reconsider filed after the deadline for Rule 59(e) motions as a Rule 60(b) motion); *Moody v. Maynard*, 105 F. App'x 458, 462 (4th Cir. 2004) (unpublished) (treating untimely Rule 59(e) motion as "more properly viewed as one for relief

---

[2] Under *Houston*, Petitioner's motion is deemed filed as of February 6, 2018, when it was delivered to the Correctional Institution's mail room.

from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which may be filed within a year from the entry of the order sought to be appealed.").

II. **Merits of Petitioner's Motion (ECF No. 63)**

Petitioner's motion argues two main points: (1) the court erred in ruling the state trial court appropriately followed *Old Chief v. United States,* 519 U.S. 172 (1997) because "the state submitted indictments which set out facts of prior convictions," and (2) ground four is not procedurally defaulted because "Petitioner has challenged his sentence at hearing." ECF No. 63. Respondent argues Petitioner's motion is untimely[3], and fails on the merits as Petitioner only advances two arguments already made in his objections, and mere disagreement with the ruling is not grounds for a Rule 59(e) motion. ECF No. 65.

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment for certain reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; void judgment; a judgment based on an earlier judgment reversed or vacated, or one no longer equitable; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be timely brought, and the movant assumes the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (internal citation omitted). "The remedy provided by the Rule [60(b)], however, is extraordinary and is

---

[3] This argument is moot as the court has determined it will accept Petitioner's motion as timely filed under Rule 60(b).

3

only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Petitioner argues *Old Chief* was not properly applied because the indictments submitted contained facts of his prior convictions. However, as noted in the court's order granting summary judgment, the trial court gave a limiting instruction that the jury must decide guilt as to the charged burglary before considering whether the prior convictions warranted a conviction for first degree burglary, and that the jury could not use the prior convictions for any other purpose than determining whether the state met the element of the first degree burglary statute requiring prior convictions. *See* ECF No. 60 at 6. Further, the trial court allowed a stipulation from the parties regarding Petitioner's previous burglary convictions. *Id.* at 8-9 (citing ECF No. 22-2 at 34 ("[W]e chose to do the burglary first because he stipulated to it . . .He admitted that he had two prior burglaries by virtue of stipulation.")). Although Petitioner may disagree with this conclusion, the "exceptional circumstances" to apply Rule 60(b) are not met.

Petitioner also renews his "ground four" argument regarding *Lance v. State*, 303 S.E. 2d 100 (S.C. 1983) and attaches his state court PCR documents, ostensibly to argue he did raise this issue in state court and therefore it is not procedurally defaulted. Petitioner seems to be arguing South Carolina Code § 17-27-20(a), the Post-Conviction Procedure Act, allows him to challenge his sentence, and *Lance* confirms his sentence can be contested under this statute. However, this South Carolina statute does not govern federal habeas corpus petitions such as this one, and its procedures are not mandated in this action. The court previously found this ground procedurally defaulted because while Petitioner did raise this issue during his PCR proceeding, he did not raise it at trial and therefore it was not preserved for appellate review. *See* ECF No. 60 at 9. There are simply no grounds for overturning this court's rulings in the summary judgment order.

4

Petitioner's motion is denied. The court notes it would reach the same result under the standard governing motions pursuant to Rule 59(e).[4]

## III. Extension of time to file appeal (ECF No. 64)

Petitioner has requested this court extend his time to appeal the final judgment. ECF No. 64. Respondent opposes such an extension, noting an extension must be requested within 30 days "after the time prescribed by this Rule 4(a) expires" and the party requesting the extension must show excusable neglect and good cause. ECF No. 66.

Because Petitioner's Rule 59(e) motion was untimely, and thus converted to a Rule 60(b) motion, Petitioner is unable to take advantage of Rule 4(a)(4)(A)'s time frame to file an appeal. Fed. R. App. P. 4(a)(4)(A) ("If a party files in the district court any of the following motions nder the Federal Rules of Civil Procedure – and does so within the time allowed by those rules – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . .(iv) to alter or amend the judgment under Rule 59; . . .(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."). Petitioner's

---

[4] The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). A motion to alter or amend a judgment "is an extraordinary remedy which should be used sparingly." *Id.* at 402 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

motion fits neither (iv) or (vi) due to the untimeliness of its filing. However, Petitioner has also filed a motion for extension of time to file an appeal. Under Fed. R. App. P 4(a)(5), the district court may extend the time to file a notice of appeal "regardless of whether [Petitioner's] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, [if] that party shows excusable neglect or a good cause." The extension may not exceed 30 days after the prescribed time or 14 days after the order granting the motion is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C).

In this case, Petitioner has shown excusable neglect: he addressed the envelope in which was sending his Rule 59(e) motion incorrectly, by one number. If the address had been correct, his Rule 59(e) motion would have been timely filed, thereby extending the time for filing a notice of appeal. As soon as Petitioner was aware of his mistake, by the return of his original filing, he mailed the Rule 59(e) motion and the motion for extension of time to appeal to the correct address. The court finds this is excusable neglect as Petitioner made a good faith effort to file his motion within the time limit. Pursuant to Rule 4(a)(5)(C), Petitioner shall have 14 days from the entry of this order to file his notice of appeal.

**IV. <u>Conclusion</u>**

Petitioner's untimely Rule 59(e) motion is construed as one pursuant to Rule 60(b), and is denied on the merits (ECF No. 63). Petitioner's motion for extension of time to appeal (ECF No. 64) is granted, and Petitioner shall have 14 days from the date of entry of this order to file his notice of appeal with this court.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
March 20, 2018